IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA


FRED CARTER                          :     CIVIL ACTION
                                     :
              v.                     :
                                     :
DAVID J. WAKEFIELD, et al.           :     NO.  06-3779


### SUPPLEMENTAL REPORT AND RECOMMENDATION

**JACOB P. HART**
**UNITED STATES MAGISTRATE JUDGE**              **March    23    , 2007**

On February 7, 2007, we filed a Report, recommending that Carter's habeas petition be dismissed as time-barred because he had failed to comply with the one-year limitations period of 28 U.S.C. § 2244.  As suggested by the undersigned in the original Report, Carter included an explanation for his failure to abide by the habeas limitations period in his objections to the original Report.  The Honorable Thomas M. Golden, to whom the case is assigned, has remitted the case to us for the limited purpose of determining whether Carter has established some extraordinary circumstances that would equitably toll § 2244's limitations period.  After reviewing Carter's submission and the District Attorney's response, I conclude that Carter is not entitled to equitable tolling and again recommend that the petition be dismissed as untimely filed.

### DISCUSSION:

As discussed in the original Report, Carter's conviction became final on March 6, 2000, when the time expired for seeking *certiorari* in the Supreme Court.  Two hundred seventy three days later, he filed a PCRA petition, tolling the limitations period.  The PCRA Court denied relief and the Superior Court affirmed the PCRA Court's decision.  Carter did not seek allowance of appeal in the Pennsylvania Supreme Court.  Carter filed a second PCRA petition on August 4,

2003, seeking the reinstatement of his rights to seek review in the Pennsylvania Supreme Court. On November 25, 2003, the PCRA Court granted Carter the relief he sought, reinstating his right to petition for allowance of appeal *nunc pro tunc*.  However, no appeal was ever filed in the state Supreme Court.  The limitations period was tolled until December 25, 2003, when the time for filing such an appeal expired.  Therefore, in order to be timely filed, Carter's petition had to be filed by March 26, 2004.  He did not file until August 22, 2006, over two years after the limitations period had expired.

The Third Circuit has found that § 2244's limitations period is subject to equitable tolling in four narrow circumstances: (1) if the defendant has actively misled the plaintiff; (2) if the plaintiff has in some extraordinary way been prevented from asserting his rights; (3) if the plaintiff has timely asserted his rights mistakenly in the wrong forum; or (4) if the claimant received inadequate notice of his right to file suit, a motion for appointment of counsel is pending, or where the court has misled the plaintiff into believing that he had done everything required of him.  Jones v. Morton, 195 F.3d 153, 159 (3d Cir. 1999).  However, equitable tolling is to be invoked "only sparingly," see United States v. Midgley, 142 F.3d 174, 179 (3d Cir. 1998), and only when the petitioner establishes that he exercised "reasonable diligence" in investigating and bringing the claims.  Miller v. New Jersey State Department of Corrections, 145 F.3d 616, 618-619 (3d Cir. 1998)(citing New Castle County v. Haliburton NUS Corp., 111 F.3d 1116, 1126 (3d Cir. 1997)).  See also Lawrence v. Florida, __ U.S. __, 127 S.Ct. 1079, 1085 (Feb. 20, 2007).

In his objections/response to the original Report, Carter argues that  he thought the petition for allowance of appeal had been filed on his behalf and claims that he was misled by

counsel in believing that his rights had been protected throughout the case and appeal.  Response to Report, at 2, 8.  In addition, he argues that his lack of understanding of the law put him in a "precarious" position.  Response to Report, at 2.  We characterize these as garden variety excuses for failing to comply with the habeas limitations period rather than extraordinary circumstances.

Recently the Supreme Court had the opportunity to address an equitable tolling claim based on attorney error.  In Lawrence v. Florida, supra, the Court held that an attorney's miscalculation of the habeas limitations period was not sufficient to toll the limitations period.

> Lawrence argues that his counsel's mistake in miscalculating the limitations period entitles him to equitable tolling.  If credited, this argument would essentially equitably toll limitations periods for every person whose attorney missed a deadline.  Attorney miscalculation is simply not sufficient to warrant equitable tolling, particularly in the postconviction context where prisoners have no constitutional right to counsel.

Lawrence, at 1085.  This conclusion is consistent with prior Third Circuit precedent holding that in non-capital cases, attorney error, miscalculation, inadequate research, or other mistakes do not constitute extraordinary circumstances necessary to establish equitable tolling.  Johnson v. Hendricks, 314 F.3d 159, 163 (3d Cir. 2002), cert. denied 538 U.S. 1022 (2003); Fahy v. Horn, 240 F.3d 239, 244 (3d Cir. 2001).

Read in the light most favorable to Carter, he claims that he believed an allocatur petition had been filed on his behalf with the Supreme Court of Pennsylvania.  He provides no evidence that any attorney made such a representation to him.[1]  Moreover, even if Carter had such

---

[1]Although Carter does attach a copy of a letter he received from Patrick J. Egan, Esq., the letter is dated May 12, 2003, and specifically references the Superior Court's decision of February 25, 2003, affirming the denial of PCRA relief.  Clearly Carter cannot rely on this letter to argue that Mr. Egan had led him to believe that Egan had filed a petition with the Pennsylvania Supreme Court in November or December of 2003.

evidence, he has failed to establish that he exercised reasonable diligence in pursuing such an appeal.   His appellate rights were reinstated *nunc pro tunc* on November 25, 2003.  He was obviously aware of the time limitations imposed on the filing of an allocatur petition because he had to have his rights reinstated because he had failed to timely file such a petition.  Yet, he did nothing to check on the status of such an appeal for years, finally filing his habeas petition in this court in August of 2006.  Such inaction surely does not epitomize reasonable diligence.

Finally, we must reject Carter's argument that his lack of understanding of the law lead to his untimely habeas filing.  The Third Circuit has held that a lack of understanding or knowledge of the law is not an appropriate basis to invoke equitable tolling.  See Jones v. Morton, 195 F.3d 153, 160 (3d Cir. 1999)(equitable tolling not applicable where basis for untimely filing was petitioner's misunderstanding of AEDPA's statute of limitations); School Dist. of Allentown v. Marshall, 657 F.2d 16, 21 (3d Cir.1981) ("[i]gnorance of the law is not enough to invoke equitable tolling").

Because Carter has failed to establish that his is a case deserving of equitable tolling, I make the following:

## R E C O M M E N D A T I O N

AND NOW, this      23rd      day of      March      , 2007, IT IS RESPECTFULLY RECOMMENDED that the petition for writ of habeas corpus be dismissed as untimely filed.  The Petitioner has not established any extraordinary circumstances entitling his petition to equitable tolling.  There has been <u>no</u> substantial showing of the denial of a constitutional right requiring the issuance of a certificate of appealability.


/s/Jacob P. Hart

_____
JACOB P. HART
UNITED STATES MAGISTRATE JUDGE

5

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

FRED CARTER                          :        CIVIL ACTION
                                     :
              v.                     :
                                     :
DAVID J. WAKEFIELD, et al.           :        NO.  06-3779

**O R D E R**

THOMAS M. GOLDEN, J.,

        AND NOW, this       day of           , 2007,

upon careful and independent consideration of the petition for writ of habeas corpus, and

after review of the Reports and Recommendations of United States Magistrate Judge

Jacob P. Hart, IT IS ORDERED that:

        1.  The Report and Recommendation as supplemented is APPROVED and

ADOPTED.

        2.  The petition for a writ of habeas corpus is DISMISSED AS

UNTIMELY.

        3.  There is <u>no</u> basis for the issuance of a certificate of appealability.

                    BY THE COURT:

                    _____

                        THOMAS M. GOLDEN, J.